## Sword, et ux. v. Reynolds, et al.

(Decided October 11, 1927.)

### Appeal from Pike Circuit Court.

Injunction.—Though grantors conveying property to church for purpose of public worship were not entitled to have title forfeited on ground of abandonment because parsonage was rented out, gristmill run in tabernacle, and stock turned out in yard, held that they are entitled to injunction restraining use of premises for purposes other than public worship.

PICKLESIMER & STEELE for appellants.

STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

On June 1, 1927, John R. Sword and his wife, M. E. Sword, conveyed to M. C. Reynolds, chairman of the board of trustees of the M. E. Church of Pikeville, a small tract of land a short distance from Pikeville, by deed containing the following provision:

"The said Sword reserving a right of way over said land; party of the second part is to use said land for the sole purpose of Holiness Camp Meeting

Ground or public worship of the M. E. Church only; the parties of the second part binds himself to build and keep a good fence around said tract of land to the satisfaction of the party of the first part.''

The deed also provided that the property was conveyed for a period of 30 years, and that at the expiration of that time it should revert to the grantors. On the execution of the deed, a large church building was erected on the land and partly finished. There was also erected a small building for the use of the preacher holding the camp meeting.

In February, 1926, J. R. Sword and wife brought this suit against M. C. Reynolds, trustee, to cancel the deed and recover the property, on the ground that the property had been diverted to uses other than those contemplated by the deed. A demurrer was sustained to the petition, and plaintiffs afterwards filed an amended petition seeking an injunction restraining the diversion of the property. The cause being submitted on the demurrer and on the whole case, plaintiffs were denied the relief prayed for. They appeal.

There was some evidence that the property was not properly fenced; that the small parsonage was rented out on two or three occasions; that stock was turned out in the yard and sometimes permitted to stay in the tabernacle; that at one time a gristmill was run in the tabernacle; and that on a few occasions some boys had congregated and played cards in the tabernacle, but, of course this was not done with the consent of any one representing the church. The trustees of the local church are M. C. Reynolds, Mary E. Sword, and J. C. Wright. J. C. Wright has had charge of the property, and it was he who rented out the parsonage. Since 1923 no camp meetings have been held, but occasionally religious services, including Sunday school, have been carried on in the building. For the past three or four years the building has been out of repair, and the roof has leaked to such an extent that during a rainy season or cold weather religious services could not be held with any degree of comfort.

The deed provides for a reverter at the end of 30 years, but contains no provision for a reverter prior to that time, in case the property is used for purposes other than those contemplated by the deed. Taking into consideration the fact that it was not contemplated that the

building should be used continuously for camp meetings or religious worship, but was to be used at such times as was deemed best or practicable by the church, it cannot be said that there has been such abandonment of the use intended as would justify a forfeiture of the title.

We are not prepared to say that the church may place the property in the sole charge of one of its trustees and not be responsible for his acts. Inasmuch as the presence of some one on the premises is necessary for the protection of the property, we do not regard the temporary leasing of the parsonage, in consideration of a small rent and the making of repairs, as a diversion of the use of the property. However, it is a diversion of the use to suffer and permit the tabernacle to be used for gristmill purposes, or as a stable or barn for live stock. While the church may not be able to police the premises and keep out all trespassers, it is not impracticable for it to lock the doors and bar the windows of the tabernacle so as to prevent gamblers or other undesirable persons from using the premises. We are therefore of the opinion that the grantors are entitled to an injunction restraining the use of the premises for purposes other than that of a Holiness camp meeting ground, or public worship of the church. If the church does not feel equal to the burden of seeing that the property is used only for such purposes, it may avoid this obligation by taking the necessary steps to have the property reconveyed to the grantors.

Wherefore the judgment is reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.